FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 18 2009

JAMES W. McCORMACK, CLERK
By: _____
                      DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

ERIC O'NEAL                                                              PLAINTIFF

VS.                                         NO. 4:09-CV-942 JLH

THOMAS MOORE, Individually                                    DEFENDANT

This case assigned to District Judge Holmes
and to Magistrate Judge Young

COMPLAINT

Comes Plaintiff and for his complaint states:

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the State of Arkansas. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. This Court has jurisdiction of both the subject matter and the parties to this action.

3. Plaintiff Eric O'Neal is a citizen and resident of Saline County, Arkansas in the Eastern District of Arkansas.

4. Defendant Thomas Moore is a police officer employed by the City of Little Rock, Arkansas.

5. Defendant Thomas Moore at all times relevant to the events described below was a police officer of the City of Little Rock, Arkansas, acting under color of law of the State of Arkansas.

6. Plaintiff is suing Defendant Moore as an individual in this action.

7. At approximately 10:30 p.m. on or about December 20, 2008, Plaintiff Eric O'Neal was on the premises of the Valero gas station-convenience store at 8821

Fouche Dam Pike in the City of Little Rock, Arkansas. Plaintiff had purchased some food and drinks in the store and was waiting in the parking lot with friends for another friend, one Travis Spoon, to meet him there. Plaintiff had learned Spoon had been assaulted earlier that night and Plaintiff was waiting on him to arrive.

8. While waiting, he observed a male and female couple pull up to the gas pumps in a white SUV when the male began hitting the female. She got out of the SUV and ran into the store. The male followed her shouting profanities at her. Plaintiff got out of his car to tell the male to leave, which he did on foot. As soon as he left, the woman came out, got into the SUV and left. Within a few minutes a Little Rock police car arrived carrying two Little Rock police officers. Plaintiff told the officers what had occurred. Soon thereafter the conversation became more general and Plaintiff advised the officers of the assault on his friend.

9. While Plaintiff was conversing with the officers, another officer, Defendant Tommy Moore, drove up in his squad car. Moore ordered Plaintiff to leave the premises, but Plaintiff explained he was waiting on a friend. Moore then told Plaintiff he needed to wait inside the building. Plaintiff complied. While he did so, both squad cars drove across the street to a Shell station. Soon Spoon arrived at the station and Plaintiff went into the parking lot to see him. It was apparent to Plaintiff Spoon was injured.

10. As Plaintiff got into the parking lot, Moore drove back from across the street, parked his car beside Plaintiff, got out of the car, and said to Plaintiff, "If I have to tell you again to leave, I'll have to do something about it." Plaintiff responded by saying,

"Can you do something about this?"—gesturing to Spoon's injury from the earlier assault.

11. At that, Moore got out of the squad car, asked Plaintiff if he knew "which f***ing cop you are messing with?" and grabbed Plaintiff by his left shoulder, which had been injured months earlier, then moved his grip toward Plaintiff's neck, and slammed Plaintiff's head onto the hood of his squad car. He then grabbed Plaintiff's left arm, holding it behind Plaintiff's back, patted Plaintiff down, and pushed him into the back seat of the squad car.

12. Throughout the events described in the preceding paragraph Defendant was yelling at Plaintiff that he, Plaintiff, was messing with the wrong "f***ing cop" and that Defendant should box Plaintiff's head in, would beat him up, etc.

13. Once Plaintiff was in the squad car Defendant ordered Plaintiff to show identification, which Plaintiff did. Defendant looked at it and saw that Plaintiff has a Saline County address. Defendant then told Plaintiff, "You don't have any reason to leave Saline County, don't come back to Little Rock, you have no reason to be here. If I see you here, I'll write you up for everything I can find on you." He then shut the squad car door and walked off. By then the other squad car that had been on the scene earlier came back from across the street. Defendant spoke to those officers and other civilians who had gathered around. He then allowed Plaintiff to get out of the squad car but otherwise said nothing to Plaintiff.

14. On December 30, 2008, following the incident described above, Plaintiff filed a complaint with the Little Rock Police internal affairs department about the treatment given him by Defendant.

15. On March 14, 2009, Plaintiff again stopped at the Valero station on Fouche Dam Pike. As Plaintiff parked his car, he saw Defendant Moore in the gas station speaking to several customers. At that same time, he also Travis Spoon who was also on the premises walk toward the store's entrance.

16. Plaintiff then observed Defendant come out the door and walk toward Spoon and stop to talk to him. Upon information and belief Defendant inquired of Spoon about the whereabouts of Plaintiff. Spoon then went into the store. At that point Plaintiff got out his car and went into the store, walking past Defendant. Defendant said, "How's it going, Mr. O'Neal" and Plaintiff said, "Okay" and walked into the station, where several other officers were located. Two were sitting down eating, one was standing nearby.

17. Once inside the store, Plaintiff got a soft drink from the cooler and stood in line to pay for it and purchase cigarettes. While Plaintiff stood in line, he received a cell phone call from a friend in the parking lot who said, "There's a cop shining his light into your windows and trying to get into your truck."

18. Within a few moments Defendant Moore came into the store, stood beside another officer and stared at Plaintiff. Plaintiff paid for his drink and cigarettes and began to walk out of the store. He heard Defendant say to the officer beside him, "Are you ready to do this?" and the other officer said, "yes." Both officers followed Plaintiff to his truck.

19. Upon arrival at the truck Defendant said to Plaintiff, "Mr. O'Neal, I need you to open your truck." Plaintiff complied. Defendant shined his flashlight onto a beer bottle in Plaintiff's truck and remarked to Plaintiff that it is illegal to have an open beer

bottle in his truck. He then ordered him to throw it away. Plaintiff complied by putting the bottle into the trash can next to the truck. Defendant then ordered Plaintiff to put the items he had purchased into the truck. Plaintiff put them into the seat.

20. Once Plaintiff put his things into the truck, Defendant told Plaintiff to follow him to his squad car, which Plaintiff did. Defendant then ordered Plaintiff to put his hands on the patrol car which Plaintiff did. Defendant then searched Plaintiff and advised him that he was under arrest and then put Plaintiff into his squad car.

21. While Defendant was searching the Plaintiff's person, the other officers on the premises came to the squad car. While Plaintiff was in the squad car, Defendant ran a check on Plaintiff on the car's computer. Defendant then asked the other officers what offenses he could charge Plaintiff with. They said no proof of insurance and drinking in public. Defendant asked them if he could charge Plaintiff with DWI, but they said no. Defendant then wrote tickets charging the Plaintiff with no proof of insurance and drinking in public. Defendant then directed Plaintiff to sign the tickets. Upon doing so, Plaintiff was released.

22. Plaintiff was later acquitted in Little Rock District Court of the charge of drinking in public. He paid a fine for having no proof of insurance.

23. At the time of the events described above Plaintiff had committed no crime or done anything that provided Defendant justification for the actions he took under color of law and his authority as a police officer.

24. During the events described above, Plaintiff never resisted or assaulted the Defendant in any way and never failed to do as he was ordered.

25.   The force used against Plaintiff by Defendant was unnecessary, unreasonable, and excessive. The seizure of Plaintiff was unreasonable.

26.   As a proximate result of the acts of Defendants described above, Plaintiff suffered a loss of his physical liberty, and suffered a violation of rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure. In addition, Plaintiff suffered painful personal injuries.

27.   In addition to being guilty of violating Plaintiff's rights under the United States Constitution and federal law, Defendant was guilty of assault and battery under the common law of the State of Arkansas.

Wherefore, Plaintiff Eric O'Neal prays for a judgment for damages against the Defendant Thomas Moore in an amount adequate to compensate him for the injuries he has suffered. Plaintiff further prays for costs, attorneys' fees and all other proper relief. Plaintiff demands a trial by jury.

Respectfully submitted,

**BAKER & SCHULZE, LLP**
303 President Clinton Ave., Suite D
Little Rock, Arkansas 72201
(501) 537-1000

By: _____
Darryl E. Baker                    #78008